OPINION OF THE COURT
Per Curiam.
The instant matter is predicated upon an order of the Supreme Court of New Jersey dated December 4, 2012, which suspended the respondent from the practice of law in that state for a period of three months, commencing January 4, 2013 (212 NJ 471, 56 A3d 862 [2012]), and continuing until further order of the court. The respondent’s suspension emanated from a finding that she violated New Jersey Rules of Professional Conduct rules 1.5 (d) (commingling of funds and charging a nonrefundable retainer), 1.7 (a) (conflict of interest), 1.8 (a) (impermissible business transaction with a client), 1.15 (d) (record keeping violations) and 1.15 (a) (negligent misappropriation of escrow funds).
A notice pursuant to 22 NYCRR 691.3 was served upon the respondent on February 4, 2013, “according [her] the opportunity, within 20 days ... to file a verified statement setting forth any defense . . . enumerated under subdivision (c) of this section, and a written demand for a hearing” and advising that “in default of such filing . . . this court will impose such discipline or take such disciplinary action as it deems appropriate” (22 NYCRR 691.3 [b]).
In a verified statement dated February 12, 2013, the respondent waived her right to a hearing. However, she stated that the imposition of reciprocal discipline would be “unjust” (22 NYCRR 691.3 [c] [3]), citing mitigating circumstances.
Inasmuch as the respondent waived her right to a hearing before this Court, there is no impediment to the imposition of reciprocal discipline.
Under the totality of the circumstances, the application of the Grievance Committee for the Ninth Judicial District is granted, and the respondent is publicly censured.
Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.
*185 Ordered that the application of the Grievance Committee for the Ninth Judicial District to impose discipline in New York is granted; and it is further,
Ordered that the respondent is publicly censured.